U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 08 2017

TONY R. MOORE, CLERK
BY: _____ MB _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JASON LATURNER | * | CIVIL ACTION NO. 2:16-CV-00297 |
| v. | * | JUDGE JAMES T. TRIMBLE, JR. |
| UNITED RENTALS NORTH AMERICA, INC. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 23) filed by the defendant, United Rentals North America, Inc. ("United"). United seeks to dismiss the Louisiana tort claims raised by the plaintiff, Jason LaTurner, and the intervenor complaint filed by Zurich American Insurance Company ("Zurich"). The motion is unopposed. For the following reasons, the court will **GRANT** the motion and dismiss the plaintiff's and intervenor's complaints with prejudice.

## FACTS & PROCEDURAL HISTORY

In August 2015, LaTurner was injured when a co-employee crashed into him with a golf cart that his employer had rented from United.[1] LaTurner filed suit in state court against United, alleging that the accident was caused by a defective breaking system.[2] He sued United under Louisiana Civil Code articles 2315 and 2317.1, arguing that the company was liable because as owner of the vehicle, it was responsible for the maintenance and upkeep of the vehicle.[3] United removed the matter.[4] Zurich, which provided worker's compensation benefits to LaTurner as a

---

[1] Compl. (Rec. Doc. 1-1), p. 3, ¶ 5.
[2] Compl. (Rec. Doc. 1-1), p. 4, ¶ 7.
[3] Compl. (Rec. Doc. 1-1), p. 3, ¶ 6.
[4] Notice of Removal (Rec. Doc. 1).

1

result of the injury, filed an intervenor complaint against LaTurner and United alleging that it is entitled to recoup benefits paid from any damages awarded to LaTurner.[5]

United filed a Motion for Summary Judgment against the plaintiff and intervenor arguing that LaTurner has failed to produce any evidence that the golf cart's braking system was defective or that United knew or should have known that it was defective.[6] A week after a response was due for the Motion for Summary Judgment, LaTurner filed a Motion to Continue the Motion for Summary Judgment on the misguided belief that no judge was assigned to the case.[7] The Motion to Continue was denied,[8] and LaTurner filed a Motion for an Extension Time to File a Response,[9] which was also denied.[10] Zurich has filed nothing in response to the motion. The Motion for Summary Judgement is therefore unopposed.

## I.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[12] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[13] "[A] district court may not grant a motion for summary

---

[5] Petition of Intervention (Rec. Doc. 15).

[6] Memo. in Support (Rec. Doc. 23-4).

[7] Motion to Continue (Rec. Doc. 25).

[8] Electronic Order (Rec. Doc. 26).

[9] Motion for Extension of Time (Rec. Doc. 27).

[10] Electronic Order (Rec. Doc. 28).

[11] Fed. R. Civ. P. 56(a).

[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[13] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir.1999).

judgment merely because it is unopposed."[14] "The moving party has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless whether any response is filed."[15] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim.[16] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[17]

## II. LAW & ANALYSIS

Even though United's Motion for Summary Judgment is unopposed, the court may only grant the motion if United demonstrates that based on the evidence no reasonable jury would return a verdict in favor of LaTurner. United has done so. LaTurner argues that Union Rental is liable under a theory of general fault liability pursuant to Louisiana Civil Code article 2315 and under a theory of *garde* or custodial liability pursuant to Louisiana Civil Code article 2317.1. United has made sufficient a showing through its motion for summary judgment argument and attached evidence that the plaintiff is unable to prove one or more of the elements for each tort.

Article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[18] Generally, for LaTurner to prevail on his article 2315 claim, he must provide

---

[14] Bustos v. Martini Club Inc., 599 F.3d 458, 468 (5th Cir. 2010) (citing Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir.1985)).

[15] Davis-Lynch, Inc. v. Moreno, 667 F.3d 539, 550 (5th Cir. 2012), as revised (Jan. 12, 2012) (citing Hibernia Nat'l Bank, 776 F.2d at 1279).

[16] Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

[17] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[18] La. Civ. Code art. 2315.

3

> (1) proof that the defendant had a duty to conform [its] conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).[19]

For LaTurner to prevail on his Louisiana Civil Code article 2317.1, a *garde* or custodial liability claim, he "must prove that (1) the object was in the defendant's custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect."[20] United argues that these claims fail because the evidence does not show a defect in the golf cart's breaking system, and the evidence does not show that United knew or should have known about any defect with the golf cart's braking system.

To support these assertions, the defendant provides documentation of the pre-rental inspection, the complaints during the rental, and a post-accident repair.[21] None of these documents indicate any problems with the braking system or that United knew or should have known about such a defect. Without evidence of a failed braking system or actual or constructive knowledge of the problem, no reasonable jury could find that United breached its duty in regard to the braking system or that the golf cart's braking system was the cause in fact of the plaintiff's injuries, making summary judgment appropriate for LaTurner's article 2315 claim.[22] Summary judgment is also appropriate for the article 2317.1 claim because no reasonable jury could conclude based on the

---

[19] Long v. State ex rel. Dep't of Transp. & Dev., 2004-0485, p. 21 (La. 6/29/05), 916 So. 2d 87, 101 (citations omitted).

[20] Cormier v. Dolgencorp, Inc., 136 F. App'x 627, 627–28 (5th Cir. 2005) (citing La. Civ. Code arts. 2317; 2317.1).

[21] Affidavit of Hayes and Attachments (Rec. Doc. 23-1).

[22] See Long, 2004-0485, p. 21; 916 So. 2d at 101 (citations omitted).

evidence provided that a defective braking system caused the damage or that United knew or should have known about the defect.[23] If no reasonable jury could find for the plaintiff based on the evidence, then Zurich's intervenor claims also fail because they are dependent on the success of the plaintiff's claims.

## CONCLUSION

For these reasons, the defendant's Motion for Summary Judgment (Rec. Doc. 23) will be **GRANTED**, and the plaintiff's claims and the intervenor's claims will be **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this ___ day of June, 2017.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[23] Cormier, 136 F. App'x at 627–28 (citing La. Civ. Code arts. 2317; 2317.1).